### BLACKBURN v. UNITED STATES.
### No. 417–52.

United States Court of Claims.
Dec. 1, 1953.

Charles Bragman, Arlington, Va., Claude Pepper, Washington, D. C., on the briefs, for plaintiff.

Lawrence S. Smith, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

MADDEN, Judge.

We summarize the allegations of the plaintiff's petition. He, at the time here in question, owned and operated the Lakeview Dairy Farm at St. Petersburg, Pinellas County, Florida. He was a processor and distributor of dairy products. For several years prior to July 1, 1946, the plaintiff had been supplying milk products to the Government's Veterans' Administration Hospital at Bay Pines, Florida, under contracts. In bidding for these contracts the plaintiff had based his prices upon the ceiling prices fixed by the Office of Price Administration for Pinellas County.

In the spring of 1946 there was general concern over the impending expiration of O. P. A. price controls on June 30, 1946, and speculation as to whether Congress would renew those controls. The plaintiff knew that the expiration of controls would be immediately followed by increases in the prices which would then be set by the Florida Milk Commission, whose statutory duty it was to set such prices. He would then have to pay his suppliers of milk those higher prices. He was about to make a bid to the Supply Officer of the Veterans' Administration Hospital and he gave thought to how he could in his bid provide that his contract price should be increased if the price which he had to pay to his suppliers was increased.

All bidders, including the plaintiff, bid the O. P. A. ceiling wholesale prices. In the plaintiff's bid, for the purpose of protecting himself in case of increases in the prices he had to pay to his suppliers, he inserted the following provision:

"The prices quoted in this bid are subject to any increase or decrease as affected by the O. P. A."

This language was intended by the plaintiff and understood by the Supply Officer of the Hospital to mean that the bid prices would be ineffective in the event that the O. P. A. expired, and that the effective prices thereafter would be the wholesale prices established by the Florida Milk Commission.

The Supply Officer accepted the plaintiff's bid and a contract was executed on the bid forms on which was written the language quoted above. The plaintiff commenced deliveries under the contract on July 1, 1946 and continued them until January 24, 1947, when the contract was terminated by the plaintiff, which he had a right to do. Congress did not renew the O. P. A. and it expired on June 30, 1946. On July 10, 1946, the Florida Milk Commission increased the prices of milk, and the plaintiff's suppliers increased the price to him. The plaintiff billed the Hospital for the higher prices, but payment was made to him only on the prices named in his bid. Upon the plaintiff's appeal to the General Accounting Office, the refusal to pay the higher prices was affirmed. The plaintiff sues for $15,639.61.

The Government has made a motion for summary judgment dismissing the plaintiff's petition, on the ground that there is no genuine issue as to any material fact, and the defendant is entitled to judgment as a matter of law.

[1] The case cannot be decided on the defendant's motion. The plaintiff alleges, as our summary states, that the provision inserted in his bid about the O. P. A. was intended by him and understood by the Government's agent who made the contract, to have a certain meaning. If this allegation is proved, it would seem that the plaintiff had made out a case. The Government does not deny the allegation, but merely states that the attorney who signed the Government's answer does not know whether it is true or not. There is an issue, and the case must go to trial, on that and other pertinent issues.

■■ The language inserted in the contract is by no means so clear, if language ever is so clear, as to make inadmissible evidence as to what the parties to the contract intended it to mean. That intention, if it is mutual, is the essence of any contract, and the parties to it are privileged to use whatever form of shorthand, code, trade, ungrammatical, or other expression they may hit upon.

They may make trouble for themselves and for a court by their unorthodox expression, but they do not forfeit their rights.

The defendant's motion for summary judgment is denied.

It is so ordered.

JONES, Chief Judge, and WHITAK-ER and LITTLETON, Judges, concur.